IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| David Payton,<br>            Plaintiff<br><br>v.<br><br>Novo Nordisk Inc. and Novo Nordisk A/S,<br>            Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-911 |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff files this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): David Payton_____

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____, as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

    __X__ Novo Nordisk Inc.

    __X__ Novo Nordisk A/S

    _____ Eli Lilly and Company

    _____ Lilly USA, LLC

    _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

    Pasadena, Texas.

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

    Texas.

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

    Texas.

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

    Pasadena, Texas.

10. Jurisdiction is based on:

    __X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____ other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    Southern District of Texas.

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __X__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.  If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## **PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    __X__  Ozempic (semaglutide)

    _____  Wegovy (semaglutide)

    _____  Rybelsus (oral semaglutide)

    _____  Victoza (liraglutide)

    _____  Saxenda (liraglutide)

    _____  Trulicity (dulaglutide)

    _____  Mounjaro (tirzepatide)

    _____  Zepbound (tirzepatide)

    _____  Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    January 1, 2022 - February 1, 2024.

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

　　__X__ Gastroparesis

　　__X__ Other gastro-intestinal injuries (specify) <u>severe nausea, nausea with vomiting, abdominal discomfort, constipation.</u>

　　_____ Ileus

　　_____ Ischemic Bowel/Ischemic Colitis

　　_____ Intestinal Obstruction

　　_____ Necrotizing Pancreatitis

　　_____ Gallbladder Injury (specify) _____

　　_____ Micronutrient Deficiency

　　_____ Wernicke's encephalopathy

　　_____ Aspiration

　　_____ Death

　　_____ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

　　_____ <u>Since February 2024 and ongoing.</u>_____

　　_____

　　_____

　　_____

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

__X__ Injury to self

_____ Injury to person represented

_____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

   __X__  Count I:    Failure to Warn – Negligence

   _____  Count II:   Failure to Warn – Strict Liability

   _____  Count III:  Breach of Express Warranty/Failure to Conform to Representations

   _____  Count IV:  Breach of Implied Warranty

   _____  Count V:   Fraudulent Concealment/Fraud by Omission

   _____  Count VI:  Fraudulent/Intentional Misrepresentation

   __X__  Count VII:  Negligent Misrepresentation/Marketing

   _____  Count VIII: Strict Product Liability Misrepresentation/Marketing

   _____  Count IX:  Innocent Misrepresentation/Marketing

   _____  Count X:   Unfair Trade Practices/Consumer Protection (see below)

   __X__  Count XI:  Negligence

   _____  Count XII:  Negligent Undertaking

   __X__  Count XIII: State Product Liability Act (see below)

   _____  Count XIV: Wrongful Death

   _____  Count XV:  Loss of Consortium

   _____  Count XVI: Survival Action

   _____  Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

<u>Defendants knew that Ozempic could cause gastrointestinal injuries including gastroparesis prior to marketing and selling the product to Plaintiff. Despite that</u>

<u>knowledge, Defendants fraudulently represented to Plaintiff and Plaintiff's doctors that Ozempic was a safe and effective product and did not warn of these dangers.</u>

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   _____

   _____

   _____

   b. Identify the factual allegations supporting those claims (by subsection, if applicable):

   _____

   _____

   _____

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   <u>Tex. Civ. Prac. & Rem. Code § 82.005.</u>

   b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

   <u>Strict liability design defect.</u>

   c. Identify the factual allegations supporting those claims:

   <u>Plaintiff took Ozempic, a GLP-1 RA manufactured by Defendants Novo Nordisk Inc. and Novo Nordisk A/S, from January 2022 to February 2024. As a result of his Ozempic use, he developed gastroparesis and other gastrointestinal symptoms, including severe nausea, vomiting, abdominal pain, and constipation. He was treated for his symptoms. Plaintiff was not warned prior to taking Ozempic that gastroparesis could occur.</u>

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? _____. If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: February 11, 2026

By: /s/ Tiffany R. Ellis

Tiffany R. Ellis
Peiffer Wolf Carr Kane Conway & Wise
15 E. Baltimore Ave.,
Detroit, MI 48202
tellis@peifferwolf.com